PRICE, Judge.
This is an action for workmen's compensation benefits brought by Clarence L. Smith against his employer, Schlumberger Well Services, and his employer’s insurer, The Travelers Insurance Company. The trial court rendered judgment rejecting plaintiff’s demands.
The sole issue on appeal is whether plaintiff has borne the burden of proving that he is presently disabled.
Smith was injured when a company truck in which he was riding overturned on Highway 174 in Red River Parish on August 17, 1975. He was paid compensation benefits of $65 per week until December 15,1975, at which time he was released by the treating physician as able to return to work. Plaintiff returned to the same work he was performing before the accident, and continued to work until April 27, 1976. He notified Schlumberger through his attorney on May 3, 1976, that he was disabled and demanded compensation payments be resumed. His request was rejected, and this action was instituted against Schlumberger. and Travelers for total disability benefits, penalties, and attorney’s fees.
Plaintiff contends that an injury to his back resulting from the accident continues to cause him such pain and discomfort that he is no longer able to perform his duties which require manual labor.
The crux of the case revolves around the conflicting opinions of two medical experts. Plaintiff’s expert, Dr. Bennett H. Young, an orthopedic surgeon, testified that Smith has either herniated discs or a thoracic outlet syndrome, and that in either case corrective surgery is necessary to prevent total disability.
Defendants’ expert, Dr. A. E. Dean, Jr., also an orthopedic surgeon, contends plaintiff’s symptoms are the residual effects from a cervical sprain and are not sufficient to disable him. Dr. Dean examined the report of an electromyelographic study and the X-rays relied on by Dr. Young and testified he could not confirm the diagnosis of probable herniated discs or a thoracic outlet syndrome.
The trial judge found the lay testimony presented by plaintiff to be of no value in resolving the conflict of medical opinions, and further found that plaintiff had not demonstrated by competent evidence that the reason for quitting the job in April 1975 was because of his alleged present physical inability.
We find this conclusion of the trial court to be supported by the evidence and in accord with the rule that in workmen’s compensation suits, as in other civil actions, plaintiff must establish his claim for benefits by a preponderance of the evidence.
For these reasons, the judgment appealed is affirmed at appellant’s cost.